UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

                Plaintiff,

  v.

TONY DUNNINGTON, HARLAN FINCH, DOUGLAS WADDINGTON, RICHARD HAYWARD, SCOTT RUSSELL, DANIEL WHITE, CPM DAN VAN OGLE, MARCIA SANCHEZ, ED HOSKINS, STEVE RAMSEY, ELDON VAIL, and JOSEPH GATCHELL,

                Defendants.

No. C11-5771 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: January 13, 2012**

Before the Court is Plaintiff's motion to remand this case back to state court where the Plaintiff initially filed his case. ECF No. 8. Defendants oppose the motion. ECF No. 10. Plaintiff filed a reply. ECF No. 11. Having reviewed the parties' filings and the record, the Court finds that the motion to remand should be denied.

## PROCEDURAL BACKGROUND

On or about January 28, 2011, Plaintiff Allan Parmelee filed a complaint in Mason County Superior Court against Defendants Tony Dunnington, Harlan Finch, Douglas Waddington, Richard Hayward, Scott Russell, Daniel White, DPM Dan Van Ogle, Marcia Sanchez, Ed Hoskins, Steve Ramsey, Eldon Vail, and Joseph Gatchell. Plaintiff alleges state and federal claims, including retaliation under 42 U.S.C. § 1983 and the First Amendment of the United States Constitution. ECF No. 8 at 1-2. Along with his complaint, Mr. Parmelee filed a

REPORT AND RECOMMENDATION - 1

motion for alternative service. ECF No. 1 at 22-27. As part of this motion for alternative, he states that he mailed copies of the summons and complaint to each of the Defendants. ECF No. 11 at 2. At that time, the Mason County Superior Court took no action on the motion and Mr. Parmelee took no action to personally serve the defendants as required by Washington law. *See* Wash. Rev. Code 4.28.080(15); Washington Superior Court Civil Rule (CR) 4(c); and CR 4(d)(2).

Defendants' attorney appeared on February 4, 2011. ECF No. 1-2 at 3, 4. Mr. Parmelee attempted several times to have his motion for alternative service heard by the Court without notifying defense counsel. ECF No. 1-2 at 6-13. On August 25, 2011, the Mason County Superior Court Commissioner entered an Order allowing Mr. Parmelee to serve Defendants by mail under the terms specified in its Order. ECF No. 1-3 at 49-50. Mr. Parmelee has never served any of the Defendants.

Defendants removed this matter to this Court on September 22, 2011. ECF No. 1 at 1. Defendants filed their Answer. ECF No. 6. This Court entered a Pretrial Order. ECF No. 7.

## DISCUSSION

Federal law has long provided that if a suit presents a federal question, the suit is removable to federal court upon petition by the defendant. 28 U.S.C. § 1441(a). Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Whether removal is appropriate is determined at the time of the petition for removal. *Libhart v. Santa Monica Dairy Co.*, 582 F.2d 1062, 1065 (9th Cir. 1979).

It is not disputed that this Court has supplemental jurisdiction over Plaintiff's claims. Plaintiff concedes his Complaint includes claims for damages alleging retaliation made under 42

REPORT AND RECOMMENDATION - 2

U.S.C. § 1983 and the First Amendment of the United States Constitution. ECF No. 8 at 1-2. Plaintiff disputes, however, that Defendants' removal of this case is timely.

For a notice of removal to be timely, it "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...". 28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In reaching this conclusion, the Supreme Court read Congress' provisions for removal in light of the following bedrock principal: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347. "In the absence of service of process ... a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id*. at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. "Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id*. at 351. Washington law requires personal service of the Summons and Complaint. *See* Wash. Rev. Code 4.28.080(15); Washington Superior Court Civil Rule (CR) 4(c); and CR 4(d)(2).

Mr. Parmelee argues that Defendants were on notice of his complaint when he served them by mail on January 20, 2011 and the Mason County Order validated that service. In other

REPORT AND RECOMMENDATION - 3

words, even though his motion for leave to serve by mail was not granted until August 25, 2011, Mr. Parmelee contends that all the defendants had already been properly and fully served by mail on January 20, 2011 and the Mason County Order simply validated this earlier service. Therefore, they were already on "notice" and, in fact, their thirty day "removal" clock had begun to "tick" at that time – in January – not in August as one might presume, when he had actually received permission from the Mason County Superior Court to actually serve by mail. ECF No. 8 at 2.

The Order Granting Plaintiff's Motion for Amendment of Process of Service, CR 4(h) dated August 25, 2011 does not support Mr. Parmelee's argument. The Order clearly states, for example, that Mr. Parmelee *shall be allowed to serve* the individual defendants … *by mailing;* that Mr. Parmelee *shall be allowed to mail out;* that the DOC defendants … *shall have 60 days after service….* Each of these directives (and more) is written in language indicating events that are to occur in the future. Clearly, if Defendants were to be given *60 days after service* to respond, their time for doing so would have already expired at the time the Mason County judge signed the order, which would have made the order entirely superfluous.

## CONCLUSION

Based on the foregoing, the undersigned concludes that removal to federal court was timely and the Plaintiff's motion to remand (ECF No. 8) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 4

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 13, 2012**, as noted in the caption.

**DATED** this  19th  day of December, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION  - 5