UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

    Plaintiff,

 v.

TONY DUNNINGTON, HARLAN FINCH, DOUGLAS WADDINGTON, RICHARD HAYWARD, SCOTT RUSSELL, DANIEL WHITE, CPM DAN VAN OGLE, MARCIA SANCHEZ, ED HOSKINS, STEVE RAMSEY, ELDON VAIL, and JOSEPH GATCHELL,

    Defendants.

NO. C11-5771 RBL/KLS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR COURT-ORDERED SERVICE AND FOR LEAVE TO AMEND COMPLAINT

  Before the Court is Plaintiff's motion for court-ordered service and leave to amend his complaint. ECF No. 13. Plaintiff's First Amended Verified Complaint is filed at ECF No. 14. He also filed a "Third Affidavit of Specific Evidence in Support of Amended Complaint." ECF No. 15. Having reviewed the motions, Defendants' objections, and balance of the record, the Court finds and **ORDERS** as follows:

**BACKGROUND**

  On or about January 28, 2011, Plaintiff Allan Parmelee filed a complaint in Mason County Superior Court against Defendants Tony Dunnington, Harlan Finch, Douglas Waddington, Richard Hayward, Scott Russell, Daniel White, DPM Dan Van Ogle, Marcia

ORDER - 1

Sanchez, Ed Hoskins, Steve Ramsey, Eldon Vail, and Joseph Gatchell. Defendants removed the case to this Court, filed an Answer, and the Court entered a Pretrial Scheduling Order. ECF Nos. 6 and 7. At the time Defendants removed the case, Plaintiff had not served any of the Defendants as required by Washington law. *See* Wash. Rev. Code 4.28.080(15); Washington Superior Court Civil Rule (CR) 4(c); and CR 4(d)(2). Plaintiff filed a motion to remand. ECF No. 8. The motion to remand was denied. ECF Nos. 12 and 22.

Plaintiff's original complaint (filed before removal) was 11 pages and named 12 defendants. ECF No. 1-0, pp. 11-21. Plaintiff's proposed amended complaint is 20 pages long, names 22 defendants, and drops two defendants (Joseph Gatchell and Ed Hoskins) from the original list of defendants. The additional proposed defendants are Melinda Carson, Marjorie Owens (or Marjorie Martin), Sharon Thach, Lori Ramsdell-Gilkey, Edward Woods, Jeff Sanders, Denise Vaughan, Gary Larson, Dan Pacholke, Alice Payne, Jeff Sanders, and Diana Earles. *Compare* ECF No. 14, p. 1 *with* ECF No. 1-0, p. 11.

**A. Amendment of Complaint**

This Court retains discretion under Rule 15 regarding whether to grant leave to amend. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003) (quoting *Owens,* 244 F.3d at 712). "Absent prejudice, or a strong showing of any of the remaining *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962) factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* The *Foman* factors include: "[1] undue delay, bad faith or dilatory motive on the part of the movant, [2] repeated failure to cure

deficiencies by amendments previously allowed, [3] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [4] futility of amendment." *Eminence Capital,* 316 F.3d at 1052 (quoting *Foman,* 371 U.S. at 182, 83 S. Ct. 227) (internal quotation marks omitted).

Justice generally does not require such leave if a movant demonstrates "undue delay, bad faith, or dilatory motive," or if undue prejudice to the opposing party would result. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). Bad faith includes the vexatious expansion of litigation. *See Sneller v. Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010).

Defendants argue that Mr. Parmelee is acting in bad faith because he hopes to use this action, including his proposed expansion of this case to (1) re-litigate the permanent injunction the superior courts entered against him[1], including the injunction pertaining to the Department of Corrections, which is now final in the Washington courts; and (2) engage in the same behavior that resulted in his entry of the permanent injunction in the first place, including the expansion of individuals against whom he can engage in the same routine of harassment. Defendants argue that almost all of the individuals Plaintiff proposes to add as new defendants are being sued either for their participation in the injunction suit, a matter in which litigation has been terminated, or because they did not respond to one of many pieces of correspondence written by Plaintiff regarding alleged conditions of confinement. ECF No. 18, pp. 3-4.

---

[1] According to Defendants, three different courts have entered permanent injunctions against Plaintiff under the Public Records Act, Wash. Rev. Code § 42.56.565 (also codified at one time as Wash. Rev. Code § 42.56.620, and as Laws of 2009, ch. 10 §1), for his abusive activity against public officials. ECF No. 1-3 at 17-29 (permanent injunction barring Plaintiff from submitting public records requests to state agencies, including submitted requests); ECF No. 1-3 at 31-37 (permanent injunction barring Plaintiff from submitting public records requests to the city of Bellevue, including submitted requests); and ECF No. 1-3 at 39-47 (permanent injunction barring Mr. Plaintiff from submitting public records requests to King County, including submitted requests).

Plaintiff states that he was forced to file his original complaint without access to his files and that the only substantive difference between the two complaints is to add specific detail and to add parties unknown at the time he originally filed his complaint. ECF No. 21. Plaintiff also filed a "Third Affidavit of Specific Evidence" purportedly in support of his proposed amended complaint. ECF No. 15. Attached to the affidavit are approximately 200 pages of materials. The affidavit is filed separate from the proposed complaint and the Court does not consider the affidavit or attached documents as part of the proposed amended complaint. According to Defendants, the materials consist largely of pages taken from Plaintiff's personal restraint petitions, public records cases, and from proceedings already completed or under appeal elsewhere in Washington courts where he has been permanently enjoined under Wash. Rev. Code § 42.56.565 from engaging in public records activity regarding state agencies or other entities. ECF No. 18 and ECF No. 19 (Declaration of Daniel J. Judge). Plaintiff explains that his access to his materials "may not last" and therefore, he felt the need to file the five declarations consisting of "PRP 17-20 and Appendix A thru K." ECF No. 21.

To the extent that Plaintiff is attempting to supplement his proposed amended complaint with additional factual allegations, he will not be allowed to do so in an affidavit. His legal claims and all factual allegations in support of those claims must be set forth in the complaint. The Court will not look to a separate affidavit or prior pleading. In addition, while it is certainly permissible to attach exhibits to pleadings and motions if the exhibits are incorporated by reference (Fed.R.Civ.P. 10(c)), they are not necessary in the federal system of notice pleading. Fed.R.Civ.P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules

of Civil Procedure, he is only obligated to provide "a short and plain statement of [his] claim". He is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of his claims. In fact, as written, it is not entirely clear what Plaintiff is alleging that the newly added Defendants did to violate his constitutional rights. He alleges that Melinda Carson, Jeff Sanders, and Diana Earles, signed off on infraction reports on or around July 28, 2008 (ECF No. 14, pp. 8, 12, 15). As to the remaining proposed defendants, however, Plaintiff lists their names together in conclusory fashion and follows their names with vague and conclusory allegations. For example, Plaintiff states:

> Defendants Vail, Payne, Waddington, Dunnington, White, Russell, Vaughan, Larson, Ramsey, Pacholke, Hayward and others knew of and exchanged communications allowing, furthering and refusing to take corrective measures, and relying on this infraction regardless of its disposition to adversely treat Parmelee.

ECF No. 14, p. 8 ¶ 5.7. The foregoing statement is completely devoid of any facts and fails to place any defendant on notice of any claim. Plaintiff does this repeatedly in his proposed complaint. *See e.g..,* ECF No. 14, p. 3 (¶3.3), pp. 6-7 (¶5.4), p. 13 (¶5.9), and pp. 15-16 (¶5.25). Plaintiff must allege what each of the named Defendants has allegedly done to violate his constitutional rights in a short and plain statement and he must do so within the body of the complaint. He may not incorporate his claims by reference to his affidavit.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This Court will not serve as a storehouse for his evidence. Evidence should not be submitted to the Court until this action reaches an

appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the Court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving his allegations.

Based on the documents submitted, it appears that Plaintiff intended that his complaint consist of his First Amended Complaint (ECF No. 14) and his Third Affidavit (ECF No. 15). Plaintiff shall not be allowed to proceed under two separate filings as his complaint. He must submit an amended complaint which contains all of his legal claims and factual allegations in one pleading. Plaintiff may submit a proposed amended complaint to plead claims against additional parties limited to their involvement in the infractions and retaliatory conduct which form the basis of Plaintiff's original complaint. Plaintiff may submit the amended complaint to the Court **on or before March 16, 2012.**

**B.      Service at Court Expense or By Mail**

Service by court clerk or the U.S. Marshal is reserved for individuals who have been approved to proceed *in forma pauperis*. Fed. R. Civ. P. 4(c)(3) (requiring the court to order service of process "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . ."). Federal law restricts this Court from allowing Mr. Parmelee to proceed *in forma pauperis* because he already has amassed at least three strikes in federal court under the Prison Litigation Reform Act (PLRA). *See Parmelee v. LeRoy*, No. 01-cv-1467-R (W.D. Wash.

2001), *summarily affirmed because appeal as lacking any merit*, No. 02-35164 (9th Cir. 2002). Therefore, his motion requesting that the Clerk or U.S. Marshal serve the Defendants (ECF No. 13) is **DENIED.**

It is Mr. Parmelee's obligation to serve the Defendants with the summons and complaint in this action. Mr. Parmelee is directed to Rule 4 of the Federal Rules of Civil Procedure, which sets forth the rules and procedure for service of the Summons and Complaint. Pursuant to Rule 4(m), Plaintiff must serve copies of the Summons and Complaint upon each of the named Defendants within 120 days after the filing of the Complaint. Unless the Plaintiff can show good cause for his failure to serve, the Court shall dismiss the action without prejudice as to each defendant not served or shall extend the time for service. Fed. R. Civ. P. 4(m). This applies to all Defendants who have not yet been served in this action.

Because the Court is allowing Mr. Parmelee to amend his complaint and is allowing him until March 16, 2012 to submit an amended complaint, his 120 days to serve the named defendants will not begin to run until he has submitted the complaint or until the Court has approved the amended complaint, whichever occurs later.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for service and for leave to amend (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff may submit an amended complaint to plead claims against additional parties limited to their involvement in the infractions and retaliatory conduct which form the basis of Plaintiff's original complaint. Plaintiff may submit the amended complaint to the Court **on or before March 16, 2012.**

| | |
|---|---|
| 1 | Plaintiff's motion requesting that the Clerk or U.S. Marshal serve the Defendants (ECF No. 13) |
| 2 | is **DENIED.** Plaintiff has one hundred and twenty (120) days from March 16, 2012 or until |
| 3 | the Court approves his Amended Complaint, whichever is later, to serve all unserved |
| 4 | Defendants. |
| 5 | |
| 6 | (2)     The Clerk shall send copies of this Order to Plaintiff and to counsel for |
| 7 | Defendants. |
| 8 | **DATED** this  16th  day of February, 2012. |

*(signature)*

Karen L. Strombom
United States Magistrate Judge