UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

                Plaintiff,

  v.

TONY DUNNINGTON, HARLAN FINCH, DOUGLAS WADDINGTON, RICHARD HAYWARD, SCOTT RUSSELL, DANIEL WHITE, CPM DAN VAN OGLE, MARCIA SANCHEZ, ED HOSKINS, STEVE RAMSEY, ELDON VAIL, and JOSEPH GATCHELL,

                Defendants.

NO. C11-5771 RBL/KLS

ORDER REGARDING FILING OF "AFFIDAVITS OF SPECIFIC EVIDENCE IN SUPPORT OF COMPLAINT"

Plaintiff has filed five affidavits "of specific evidence in support of complaint" with the Court in the last week. The first two were scanned into the Court docket. ECF Nos. 27 and 30. A Minute Order was entered into the docket following each Affidavit stating that the Court has accepted the documents for filing only, but the filings will not be considered as part of Plaintiff's complaint. ECF Nos. 28 and 31. Over 400 pages of documents were attached to these two affidavits. Over the next few days, Plaintiff filed his third, fourth and fifth affidavits, with over 1,100 documents attached. Plaintiff claims that he was denied access to these documents until December 21, 2011 and is "under constant threat of having them confiscated and denied access to indefinitely." *See, e.g.* ECF No. 30, at 1. He provides no facts or evidence to support this broad conclusory statement.

ORDER - 1

1    The Court has instructed the Clerk to return Plaintiff's third, fourth, and fifth affidavits in their entirety to Plaintiff.  They will not be scanned into the Court's docket.

Plaintiff has previously been advised that the Court does not consider affidavits and documents filed separately as part of Plaintiff's complaint.  *See* Order dated February 16, 2012.  ECF No. 24.  To the extent that Plaintiff is attempting to supplement his complaint (or the amended complaint he intends to file (*see* ECF No. 24)) with additional factual allegations, he will not be allowed to do so in an affidavit.  His legal claims and all factual allegations in support of those claims must be set forth in the complaint.  The Court will not look to a separate affidavit or prior pleading.

In addition, while it is certainly permissible to attach exhibits to pleadings and motions if the exhibits are incorporated by reference (Fed.R.Civ.P. 10(c)), they are not necessary in the federal system of notice pleading.  Fed.R.Civ.P. 8(a).  Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, he is only obligated to provide "a short and plain statement of [his] claim".  He is not obligated to prove the allegations in his complaint at this stage.  Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of his claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This Court will not serve as a storehouse for his evidence.  Evidence should not be submitted to the Court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the Court.  Further, if and

when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving his allegations.

Accordingly, it is **ORDERED:**

(1) The Clerk is directed to return Plaintiff's Third, Fourth, and Fifth Affidavits of Specific Evidence in Support of Complaint to Plaintiff in their entirety. The Clerk shall not place these documents on the Court's docket and the Court shall not consider these documents as part of Plaintiff's complaint (or amended complaint if and when an amended complaint is filed).

(2) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  27th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge