UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

          Plaintiff,

  v.

TONY DUNNINGTON, HARLAN FINCH, DOUGLAS WADDINGTON, RICHARD HAYWARD, SCOTT RUSSELL, DANIEL WHITE, DAN VAN OGLE, MARCIA SANCHEZ, ED HOSKINS, STEVE RAMSEY, ELDON VAIL,

          Defendants.

NO. C11-5771 RBL/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 105. Defendants oppose the motion. ECF No. 112. For the reasons stated here, Plaintiff's motion shall be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on*

ORDER - 1

*other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Mr. Parmelee states that he requires counsel "because [he] is unable to obtain any meaningful discovery from defendants…."  Issues relating to discovery are the subject of other orders in this case and do not give rise to exceptional circumstances to support the appointment of counsel.  As evidenced by the pleadings filed in this case, Mr. Parmelee is clearly able to articulate his claims.  He has filed several motions, knows how to cite to cases and other authority and to present arguments from that authority.  The Court is also aware that Mr. Parmelee's previous litigation activities have resulted in a 3 strike bar in federal courts for the past ten years and that he is subject to a permanent injunction order preventing him from

1  submitting requests under Washington's Public Records Act. Plaintiff has not shown that he

2  is likely to succeed on the merits of his case.

3  According it is **ORDERED:**

4  (1) Plaintiff's motion for counsel (ECF No. 105) is **DENIED.**

5  (2) The Clerk shall send copies of this Order to Plaintiff and to counsel for

6  Defendants.

7  **DATED** this  18th  day of September, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3