UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN PARMELEE,

                Plaintiff,

v.

TONY DUNNINGTON, HARLAN FINCH, DOUGLAS WADDINGTON, RICHARD HAYWARD, SCOTT RUSSELL, DANIEL WHITE, CPM DAN VAN OGLE, MARCIA SANCHEZ, ED HOSKINS, STEVE RAMSEY, ELDON VAIL, and JOSEPH GATCHELL,

                Defendants.

No. C11-5771 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: January 24, 2014**

Plaintiff Allen Parmelee initiated this action by filing a complaint in Mason County Superior Court against employees of the Washington Corrections Center (WCC) in Shelton, Washington. Defendants removed the action to this Court and filed their answer in September, 2011. Dkt. 1, 6. On October 3, 2012, Defendants filed a Notice of Statement Noting Death, stating that Defendants' counsel had learned from Department of Corrections' officials that Mr. Parmelee passed away on October 2, 2013. Dkt. 120.

**DISCUSSION**

Federal Rule of Civil Procedure 25(a)(1) provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the

REPORT AND RECOMMENDATION - 1

decedent's successor or representative. If the motion is not made within 90 days
after service of a statement noting the death, the action by or against the decedent
must be dismissed.

Fed.R.Civ.P. 25(a)(1).

A statement noting the death must be served on parties in accordance with the requirements of Rule 5. Fed. R. Civ. P. 25(a)(3). Federal courts, including the Ninth Circuit, have strictly construed the service and filing requirements of Rule 25. In *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.1994), the Ninth Circuit held that Rule 25 required two affirmative steps to trigger the running of the ninety-day period. "First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors of the deceased with the suggestion of death ...." *Id.* [1]

On October 2, 2013, Defendants electronically filed a Statement of Death pursuant to Rule 25 and mailed a copy of the Statement of Death to Mr. Parmelee's address at the Washington State Penitentiary. Dkt. 120. It is unknown if Mr. Parmelee has any successors or a personal representative.

The ninety-day time period of Rule 25 was triggered when Defendants filed the Statement of Death on October 2, 2013. The ninety-day time period of Rule 25 has elapsed and no motion for substitution has been filed on behalf of Plaintiff.

## CONCLUSION

The Court should dismiss this action with prejudice pursuant to Rule 25.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and

---

[1] In *Barlow*, the Ninth Circuit considered the version of Rule 25 that was in effect in 1994. The 2007 version does not differ in substance.

REPORT AND RECOMMENDATION - 2

Recommendation to file written objections.  See also Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 24, 2014**, as noted in the caption.

**DATED** this 2nd day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3